# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
**No. 17-1663V**
**Filed: March 15, 2019**
UNPUBLISHED

WENDI WALTER and PHILLIP
WALTER, on behalf of M.W., a minor
child,,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

Special Processing Unit (SPU); Joint
Stipulation on Damages; Rotavirus
Vaccine; Intussusception

*Diana Lynn Stadelnikas, Maglio Christopher & Toale, PA, Sarasota, FL, for petitioner.*
*Colleen Clemons Hartley, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON JOINT STIPULATION[1]

**Dorsey**, Chief Special Master:

On November 2, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioners allege that their minor child, M.W., suffered an intussusception as a result of his Rotarix, Prevnar 13, HiB, DTaP, Hepatitis B and IPV vaccinations received on October 26, 2016. *See* Petition at 1-2.

On May 23, 2018, a ruling on entitlement was issued, finding petitioner entitled to compensation for an intussusception. On March 14, 2019, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation.

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Stipulation at ¶ 8-9. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Pursuant to the terms stated in the attached Stipulation, **the undersigned awards** the following compensation:

a. **A lump sum of $1,897.56 representing reimbursement for past unreimbursable expenses, in the form of a check payable to petitioners; and**

b. **A lump sum of $55,000.00 in the form of a check payable to petitioners as guardians/conservators of M.W.'s estate, representing compensation for all remaining damages that would be available under 42 U.S.C. § 300aa-15(a). No payment shall be made until petitioners provide respondent with documentation establishing that they have been appointed as guardians/conservators of M.W.'s estate.**

Stipulation at ¶ 9.

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

WENDI WALTER and PHILLIP WALTER, on behalf of M.W., a minor child,

Petitioners,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 17-1663V
Chief Special Master Dorsey
ECF

## STIPULATION

The parties hereby stipulate to the following matters:

1. Wendi Walter and Phillip Walter, on behalf of M.W., a minor child, petitioners, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to M.W.'s receipt of the Rotarix, Prevnar 13, HiB, DTaP, Hepatitis B, and IPV vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. M.W. received the vaccines on or about October 26, 2016.

3. The vaccinations were administered within the United States.

4. M.W. suffered from intussusception on November 1, 2016.

5. M.W.'s intussusception resulted in an inpatient hospitalization and surgical intervention.

6. There is not a preponderance of evidence demonstrating that M.W.'s condition is due to a factor unrelated to the rotavirus vaccination.

7. Petitioners represent that there has been no prior award or settlement of a civil action for damages on M.W.'s behalf as a result of his condition.

8. Accordingly, petitioners are entitled to compensation under the terms of the Vaccine Act for M.W.'s intussusception. Therefore, a decision should be entered awarding the compensation described in paragraph 9 of this Stipulation.

9. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

    a. A lump sum of $1,897.56 representing reimbursement for past unreimbursable expenses, in the form of a check payable to petitioners; and

    b. A lump sum of $55,000.00 in the form of a check payable to petitioners as guardians/conservators of M.W.'s estate, representing compensation for all remaining damages that would be available under 42 U.S.C. § 300aa-15(a). No payment shall be made until petitioners provide respondent with documentation establishing that they have been appointed as guardians/conservators of M.W.'s estate.

10. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

11. Petitioners and their attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

2

12. Payment made pursuant to paragraph 9 and any amounts awarded pursuant to paragraph 10 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

13. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for M.W.'s benefit as contemplated by a strict construction of 42 U.S.C. §§ 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. §§ 300aa-15(g) and (h).

14. Petitioners represent that they presently are, or within 90 days of the date of judgment will become, duly authorized to serve as guardians/conservators of M.W.'s estate under the laws of the State of Alabama. No payments pursuant to this Stipulation shall be made until petitioners provide the Secretary with documentation establishing their appointment as guardians/conservators of M.W.'s estate. If petitioners are not authorized by a court of competent jurisdiction to serve as guardians/conservators of M.W.'s estate at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of M.W. upon submission of written documentation of such appointment to the Secretary.

15. In return for the payments described in paragraphs 9 and 10, petitioners, in their individual capacities, and as legal representatives of M.W., on behalf of themselves, M.W., and M.W.'s heirs, executors, administrators, successors or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that

3

have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of M.W. resulting from, or alleged to have resulted from, the vaccinations administered on or about October 26, 2016, as alleged by petitioners in a petition for vaccine compensation filed on or about November 2, 2017, in the United States Court of Federal Claims as petition No. 17-1663V.

16. If M.W. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

17. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

18. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 10 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

19. All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns as legal representatives of M.W.

**END OF STIPULATION**

**PETITIONERS:**

WENDI WALTER, on behalf of
M.W., a minor child

PHILLIP WALTER, on behalf of
M.W., a minor child

**ATTORNEY OF RECORD FOR
PETITIONER:**

DIANA L. STADELNIKAS, ESQ.
Maglio Christopher & Toale, PA
1605 Main Street, Suite 710
Sarasota, FL 34236
Tel: (941) 952-5242

**AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:**

CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146

**AUTHORIZED REPRESENTATIVE OF
THE SECRETARY OF HEALTH AND
HUMAN SERVICES:**

Ward Sorensen for

NARAYAN NAIR, M.D.
Director, Division of
Injury Compensation Programs (DICP)
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Stop-08N146B
Rockville, MD 20857

Dated: 3/14/19

**ATTORNEY OF RECORD FOR
RESPONDENT:**

COLLEEN C. HARTLEY
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-3644

6